UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
T.D. BANK, N.A.,

                              Plaintiff,                             **ORDER**

                            -against-

                                                                             13-CV-6466(NGG)(VVP)

1736 PACIFIC REALTY, LLC, et al.

                             Defendants.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Defendants filed a notice of removal of this foreclosure case to this court on November 21, 2013. (Dkt. 1.) On December 2, 2013, Plaintiff sought to have the case remanded to state court. (Mot. to Remand (Dkt. 7).) On December 3, 2013, the court issued an Order to Show cause, requiring the parties to appear on December 4, 2013, but declined to issue the remand order at that time. (Order (Dkt. 8).)

Defendants seek removal of the case from state to federal court under 28 U.S.C. § 1441 based on the court's diversity jurisdiction and on the existence of a related fraud case before Judge Gleeson (No. 13-CV-4558). Defendants have the burden of showing that removal to federal court is proper. Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011).

Removal is improper because it is untimely. Defendants were served in the underlying foreclosure case in late November, 2010 and failed to file a notice of removal until early November, 2013. (Dec. 2, 2013, Mem. of Law in Supp. of Pl. Mot. to Remand (Dkt. 7-7) at 1). Although the parties' submissions do not pinpoint the exact date Defendants received notice of

1

the foreclosure action, given the nearly three year delay between service and Defendants' notice of removal, plainly failed to file in accordance with the statute of limitations. 28 U.S.C. § 1446(b)(1) (defendant must file notice of removal within thirty days of receiving either a copy of the initial pleading or a summons, whichever is shorter). Defendants do not address why their notice of removal was filed so late. (Nov. 21, 2013, Not. of Removal (Dkt. 1).) Nor can an equitable argument based on newly-discovered fraud provide an answer. Defendants filed their related fraud case on August, 13, 2013, about three months before Defendants sought removal of the instant case. (Id. at ¶ 2.)

Even if Defendants' time had not run, they would have no grounds for removal because the court lacks original jurisdiction over the sole claim alleged. Defendants cannot remove the case on the basis of diversity jurisdiction because they are New York residents and the foreclosure action is in New York court. 28 U.S.C. 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

The court also lacks subject matter jurisdiction over the one-count foreclosure claim because this claim does not "aris[e] under the Constitution, laws, or treaties of the United State." 28 U.S.C. § 1331. Plaintiff's state court complaint alleges only failure to repay the mortgages on the property at issue, a state law claim that does not arise under federal law. (Dec. 2, 2013, Mot. for Remand, Def. Ex. A, Summons and Verified Complaint (Dkt. 7-2).) Even if Defendants wish to argue that their separate fraud case provides a partial federal defense to the foreclosure action, a federal defense alone does not create a federal question that could authorize removal. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987).

Without a claim over which the court has original jurisdiction, it cannot exercise pendant jurisdiction either. See Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 34 (2002); City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997).

For reasons discussed above, the court REMANDS this case to the Supreme Court of the State of New York, County of Kings for further proceedings.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
December 4, 2013

NICHOLAS G. GARAUFIS
United States District Judge